## In re CHANDLER.

(District Court, N. D. Illinois, N. D.   December 19, 1904.)

BANKRUPTCY—DISCHARGE—PENDENCY OF PROCEEDINGS—RESTRAINING ARREST.

Bankruptcy proceedings are still pending in the District Court, notwithstanding its dismissal of the petition to revoke the order of discharge of bankrupt, so as to authorize it by an order therein to restrain arrest of the bankrupt while the cause stands on review in the Circuit Court of Appeals on petition under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431].

George Burry, for bankrupt.
J. B. Hutchinson, for Kilmer's Estate.

KOHLSAAT, District Judge.   This cause comes before the court on the motion of Stephen C. Knight, administrator of the estate of Chauncey Kilmer, deceased, to vacate the order of this court heretofore entered, restraining said administrator and the sheriff of Cook county from proceeding under the warrant of the probate court of Cook county, Ill., until the further order of the court.

On October 27, 1902, said bankrupt was duly discharged.   Afterwards certain creditors filed their petition to revoke the discharge, which petition was denied and dismissed by the court.   The petitioners thereupon filed their petition for a review of the said proceeding under section 24b of Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3431], which matter is now pending in the Circuit Court of Appeals for this circuit, and admitted in this record.

Section 9, cl. "a," 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425], of the act reads:

"(a) A bankrupt shall be exempt from arrest upon civil process except in the following cases:   (1) * * *   (2) When issued from a state court having jurisdiction and served within such state, upon a debt or claim from which his discharge in bankruptcy would not be a release and in such cases he shall be exempt from such arrest when in attendance upon a court of bankruptcy or engaged in the performance of a duty imposed by this act."

Section 1, cl. 4, 30 Stat. 544 [U. S. Comp. St. 1901 p. 3418], reads:

"Bankrupt shall include a person against whom * * * an application * * * to revoke a discharge has been filed. * * *"

The questions raised by the motion are:   (1) Is Chandler a bankrupt at this time, within the meaning of section 1, cl. 4?   (2) Does the debt set out come within the class named in section 9, cl. "a"?

It is urged that, by reason of the order of this court dismissing the petition to vacate the order of discharge, the cause is no longer pending here, even though it stands upon review in the upper court.   This contention cannot be maintained.   "The proceedings in review," says Loveland (page 815, 2d Ed.), "are a part of the original case, and, for the purpose of review, the parties are still in court."   This manner of proceeding is speedy, and intended to facilitate the execution of the act, without unnecessary delay.   It would be vain to attempt relief from the order of the court below if in such case there be no longer a cause pending.   This position is sustained by the case of Watson v. Jones, 13 Wall. 679, 20 L. Ed. 666.   The statute makes no provision for any

suspension of the effect of the order to be reviewed, except that it requires notice to the opposing parties. No doubt, the Court of Appeals would, in a proper case, restrain the parties from proceeding under an order to be reviewed. That question, however, does not arise here. The directions of the appellate court must run to the District Court entering the order. I am satisfied that the order does not become final so as to leave no cause pending, so long as the review proceeding is pending. The order of the upper court would not operate to reinstate or create a cause, but to modify one already pending.

It then becomes necessary to determine whether the proceeding under which Chandler is threatened with arrest is based upon a claim which comes within the meaning of section 9, cl. "a." The only evidence bearing upon that point is found in the original petition of Chandler. A careful perusal of the allegations of that petition satisfies me that the case comes squarely within the terms of Crawford et al. v. Burke, just decided by the Supreme Court of the United States and reported in 25 Sup. Ct. (National Reporter System) 9, 49 L. Ed. ——.

I therefore hold that the cause is still pending, for the purposes of this hearing in this court, and that the cause of action comes within the statute, and therefore that the petition to vacate the restraining order should be and is denied.